# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GAVERNE POWELL,**

    Petitioner,

v.                                       **Case No.: 8:18-cv-1474-T-27AAS**
                                          **Crim. Case No.: 16-cr-442-T-27AAS**

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Powell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (cv Dkt. 1), his Memorandum of Law in Support (cv Dkt. 2), the United States' Limited Response (cv Dkt. 5), and Powell's construed motion to amend his petition to include a challenge based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (cv Dkt. 6). Upon consideration, Powell's motion under § 2255 (cv Dkt. 1) is **subject to dismissal as time-barred**, and his construed motion to amend (cv Dkt. 6) is **DENIED**. Powell is granted leave to address whether or not he exercised due diligence to make his motion timely under § 2255(f)(4).

## PROCEDURAL BACKGROUND

In 2016, Powell was indicted and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One), possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two), possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Three), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Four). (cr Dkt. 1). He pleaded guilty to Count One pursuant to a plea agreement,

1

and the remaining counts were dismissed. (cr Dkts. 21, 22, 26, 34).

In the presentence investigation report ("PSR"), the Probation Office determined that Powell was an armed career criminal under the Armed Career Criminal Act (ACCA). (cr Dkt. 31, PSR, ¶ 40). Probation relied on six of his convictions in making the determination to enhance his sentence under § 924(e): one conviction for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, two convictions for the sale or delivery of cocaine, and three convictions for the sale of cocaine. (Id.). Powell did not object to the PSR. (Id. at 28).

On March 6, 2017, he was sentenced as an armed career criminal under the Armed Career Criminal Act (ACCA) to 204 months imprisonment, followed by five years of supervised release. (cr Dkt. 34). He did not appeal.

More than a year after his conviction became final, on June 11, 2018, he filed this § 2255 motion challenging his ACCA enhancement. (cv Dkt. 1). Recognizing the motion was likely time-barred, the Magistrate Judge directed the United States to file a limited response addressing the timeliness of Powell's motion. (cv Dkt. 3). In its response, the United States requests that "the Court [] deny the motion as untimely and dismiss it with prejudice." (cv Dkt. 5 at 4). Powell did not file any reply.

## DISCUSSION

*I.     Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

> if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The judgment in Powell's criminal case was entered on March 8, 2017. (cr Dkt. 37). Because he did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) fourteen days later, on March 22, 2017. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of . . . the judgment or the order being appealed . . . ."). He therefore had one year from March 22, 2017 to file a timely § 2255 motion. His motion was not filed until June 11, 2018, over two months after the limitations period expired. Accordingly, his § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1).

Absent an applicable extension exception to the one year limitation or a showing that the one year limitation period was triggered by a later date as specified in § 2255(f)(2)-(4), Powell's motion is time-barred. As for those provisions, he does not specifically argue that an impediment created by governmental action prevented him from filing a timely § 2255 motion, that he could not have discovered the facts supporting his claim through the exercise of due diligence, or that he is relying on a right newly recognized by the Supreme Court and made retroactively applicable on collateral review. Indeed, in response to the prescribed § 2255 form's question directing Powell to

explain why the one-year statute of limitations does not bar his motion, he wrote "N/A." (cv Dkt. 1 at 12).

To the extent Powell's § 2255 motion could be construed to include a claim of actual innocence, he fares no better.[1] He makes no showing of actual innocence. "Actual innocence," for these purposes, means "factual innocence," as opposed to mere legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012). To show actual innocence, a petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Schlup*, 513 U.S. at 327).

Powell, however, does not allege or demonstrate that he is factually innocent of being a felon in possession of a firearm. Nor does he allege that he is factually innocent of any of the underlying convictions that formed the basis of his enhanced sentence, or that any of those convictions were vacated.[2] *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014)

---

[1] "A showing of actual innocence provides an exception to the time-bar under AEDPA." *See Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386, 394-95 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.")).

[2] To the extent Powell argues that he is actually innocent of the ACCA enhancement (cv Dkt. 2 at 3), neither the Supreme Court nor the Eleventh Circuit have decided whether the actual innocence exception extends to noncapital sentences. *See McKay*, 657 F.3d at 1197 & n.12. Regardless, "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 1197 (emphasis in original) (quotation marks omitted). Indeed, Powell's claim that he is not an armed career criminal because his "Florida State Section 893.13 priors . . . [cannot] be used for Federal enhancement purposes" (cv Dkt. 2 at 7), "is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." *McKay*, 657 F.3d at 1198.

Notwithstanding, even if his § 2255 motion was not time-barred and cognizable, it would fail on the merits. In Ground One, he contends that he "is not an armed career criminal." (cv Dkt. 1 at 4). Specifically, he argues that "he

("A prisoner may challenge a sentencing error . . . on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated"). Accordingly, he has failed to make a showing of actual innocence that would allow this Court to review his time-barred § 2255 motion.

Moreover, although he does not explicitly argue that his motion is timely, this Court is mindful of its responsibility under *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) to resolve all claims for relief on collateral review, including "all claims the petitioner raises for tolling of the limitations period." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). Notably, in explaining why he did not appeal his conviction, Powell states, without any supporting facts, that he "directed [his] attorney to file an appeal he did not."[3] (cv Dkt. 1 at 4, 5). To the extent this

---

does not meet the necessary requirements to trigger the enhancement of the [ACCA] (924(e)) . . . ." (Id.). And in Ground Two, he contends that he "is actually, factually and legally innocent of the enhancement of armed career criminal." (Id. at 5). Indeed, both claims challenge his sentencing enhancement under ACCA.

His arguments that his prior convictions under Section 893.13(1), Fla. Stat., for sale of cocaine and sale or delivery of cocaine (*see* PSR, p. 8, ¶ 40) are not "controlled substance offenses" under the Sentencing Guidelines is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264-68 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance."). *See also United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) ("We are bound to follow *Smith*.").

[3] Powell does not reference again or rely on this statement in any of his grounds for relief. Read in the context of his motion and memorandum in support, this statement does not appear to be a separate substantive claim asserting ineffective assistance of counsel for failing to file a notice of appeal. *See Clisby*, 960 F.2d 925. Rather, the arguments focus on whether Powell was properly sentenced as an armed career criminal. Accordingly, the Court does not construe his statement as alleging a separate claim of ineffective assistance of counsel.

Regardless, even if the Court were to construe the statement as a claim for relief, and the claim is timely, Powell would not be entitled to relief. It is true that an attorney's failure to file a notice of appeal when specifically requested constitutes ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005). However, his assertion is conclusory and insufficient to state a substantive claim of ineffective assistance of counsel, as bare allegations are insufficient to support habeas relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (quotation marks omitted). Consequently, Powell cannot establish that counsel's failure to file a notice of appeal falls under the *per se* definition of ineffective assistance of counsel announced in *Flores-Ortega*. *See Flores-Ortega*, 528 U.S. at 477. His vague allegation establishes neither deficient performance nor resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

5

conclusory statement is an attempt to argue that his § 2255 motion is timely, that contention is without merit and fails to meet the requirements of § 2255(f)(4).

As the Eleventh Circuit instructs, "[a] § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long*, 626 F.3d at 1169. "[T]he court should begin the timeliness inquiry under § 2255[f](4) by determining whether the petitioner exercised due diligence . . . ." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). And "in order to be entitled to an evidentiary hearing, a petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715, n.6.

Following these principles, Powell does not address let alone demonstrate due diligence to make his motion timely under § 2255(f)(4). *See Griffin v. United States*, 775 F. App'x 583, 587 (11th Cir. 2019) (finding that petitioner failed to demonstrate the necessary due diligence to "qualify under § 2255(f)(4) for a renewed AEDPA statute of limitations"). As the United States correctly contends, beyond his statement that he directed his attorney to file an appeal, "neither [his] motion nor his supporting memorandum provide any additional detail or explanation concerning his attorney's alleged failure to file an appeal per his direction." (cv Dkt. 5 at 8). And because his allegation is not reasonably specific and conclusory, an evidentiary hearing is not yet warranted. *See Aron*, 291 F.3d at 715 n.6; *see also Deeds v. United States*, Case No. 14-0572-CG-B, 2017 WL 3393085, *2, n.2 (S.D. Ala. July 19, 2017), *report and recommendation adopted by* 2017 WL 3389791 (S.D. Ala. Aug. 7, 2017) (finding that no evidentiary hearing was required to resolve the § 2255 and further, that petitioner's argument that his counsel's failure to file an appeal should be considered in determining the timeliness of his § 2555 to be "futile" because he did "not assert let alone offer any evidence establishing delayed knowledge despite diligence on his part").

In sum, Powell has not demonstrated entitlement to a delayed start of the limitation period under any of § 2255(f)'s provisions, actual innocence, or equitable tolling.[4] Notwithstanding, Powell will be allowed leave to address whether or not he exercised due diligence to make his motion timely under § 2255(f)(4).

## II. *Powell's Construed Motion to Amend*

In his construed motion to amend his petition (cv Dkts. 6, 6-1), Powell alleges that he is actually innocent in light of *Rehaif v. United States*, 139 S. Ct. 2191. The holding in *Rehaif*, however, does not apply retroactively to cases on collateral review. *See In re Palacios*, 931 F.3d 1314 (11th Cir. 2019). And because *Rehaif* neither recognizes a new substantive right nor applies retroactively on collateral review, Powell's construed motion (cv Dkt. 6) is **DENIED**.

## CONCLUSION

Petitioner Powell's § 2255 motion is **subject to dismissal as time-barred**. As discussed, Powell's assertion that he directed his counsel to file an appeal does not appear to be a separate substantive claim, nor is it supported by any additional facts. To the extent his assertion can be construed as a basis for the motion's late filing, Powell has failed to demonstrate due diligence to make his motion timely under § 2255(f)(4). Powell, therefore, is granted leave to file an affidavit, *sworn under oath*, limited to the details of what efforts he undertook to determine whether counsel had filed a notice of appeal, when he first learned that counsel did not file a notice of appeal, and any other facts relevant to a finding of due diligence. No further argument is permitted. Failure to file the sworn affidavit within **THIRTY (30) days** of the date of this Order shall result in the dismissal of his motion, the entering of judgment in favor of the United States, and the closing of

---

[4] The limitations period under Section 2255(f) is subject to equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").

the case, without further notice. No further pleadings are permitted absent authorization from the Court.

       **DONE AND ORDERED** this 3rd day of April, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record