UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GAVERNE POWELL,**

      **Petitioner,**

**v.**                                   **Case No.: 8:18-cv-1474-T-27AAS**
                                         **Crim. Case No.: 16-cr-442-T-27AAS**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## ORDER

    **BEFORE THE COURT** is Petitioner Powell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (cv Dkt. 1). This motion was previously found to be subject to dismissal as untimely. (cv Dkt. 11). Before entering judgment, however, Powell was granted leave to address whether he exercised due diligence to make his motion timely under § 2255(f)(4). (Id.). Specifically, he was directed to "file an affidavit, ***sworn under oath***, limited to the details of what efforts he undertook to determine whether counsel had filed a notice of appeal, when he first learned that counsel did not file a notice of appeal, and any other facts relevant to a finding of due diligence." (Id. at 8) (emphasis in original). In response to the Court's order, Powell filed his "Affidavit of Gaverne Powell, In Support of Motion Under 28 U.S.C. § 2255." (cv Dkt. 12). Upon consideration, Powell's § 2255 motion is **DISMISSED as time-barred**.

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th

1

Cir. 1998). Specifically, § 2255(f) provides that the one-year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The judgment in Powell's criminal case was entered on March 8, 2017. (cr Dkt. 37). Because he did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) fourteen days later, on March 22, 2017. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of . . . the judgment or the order being appealed . . . ."). He therefore had one year from March 22, 2017 to file a timely § 2255 motion. His motion was not filed until June 11, 2018, 81 days after the limitation period expired. His § 2255 motion, therefore, was found to be untimely under 28 U.S.C. § 2255(f)(1). *See* (cv Dkt. 11 at 3). Additionally, subsections (2) and (3) were found not to apply since he did not specifically argue that an impediment created by governmental action prevented him from filing a timely § 2255 motion or

that he was relying on a right newly recognized by the Supreme Court and made retroactively applicable on collateral review. *See* (id. at 4).

As to § 2255(f)(4), although Powell did not explicitly contend in his pleadings that his motion was timely, his allegation that he "directed [his] attorney to file an appeal he did not" was construed as a possible basis, although conclusory, to make his motion timely under this exception. As a result, Powell was directed to provide specific factual support, under oath, detailing what efforts he undertook to determine whether counsel had filed a notice of appeal, when he first learned that counsel did not file a notice of appeal, and any other facts relevant to a finding of due diligence (Id. at 8). Notably, the directed inquiry was not whether counsel failed to file a direct appeal, but rather what efforts Powell undertook to determine that no notice of appeal had been filed. For the reasons below, Powell has failed to demonstrate due diligence to make his motion timely under § 2255(f)(4).

As the Eleventh Circuit instructs, "[a] § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). The timeliness inquiry begins with a determination of "whether the petitioner exercised due diligence . . . ." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). Due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Moreover, the due diligence inquiry is an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" *Id.* at 711-12 (citation omitted). And if it is found that the petitioner was not diligent in his efforts, courts "are required

3

to speculate about the date on which the facts could have been discovered with the exercise of due

diligence." *Id.* at 711 n.1.

Relevant to the due diligence inquiry, Powell alleges in his affidavit that after being

sentenced,

> When I went back to the jail, but before I went into (BOP) custody, I tried calling
> counsel of record four times but of no avail. I just wanted to know how things were
> coming along. I ended up going into the (BOP) and still no word of my direct
> appeal.
> . . .
> I also found out that I had one-year to get a 28 U.S.C. 2255 filed after I was
> sentenced. I also found out that you are given [an] extra (90) days, the time span
> that you could have filed a writ of certiorari to the Supreme Court. I was under the
> impression that I did make the one-year limitation, one-year and (90) days from
> March 6, 2017 would equate to around June of 2018. My 2255 did reach this court
> around June 2018.

(cv Dkt. 12 at 3).

Notably, Powell fails to include any details of when he asked counsel to file an appeal.[1]

Even if he did direct counsel to file an appeal, his affidavit fails to include any allegations

demonstrating that, by acting with reasonable diligence, he could not have discovered before June

11, 2017 that an appeal was not filed. Instead, the only efforts Powell claims he undertook to get

"word of [his] direct appeal" were calling "counsel of record four times of no avail." (Id.). Such

efforts, however, are insufficient to demonstrate due diligence, since reasonable diligence would

have dictated that Powell take additional measures to determine if an appeal had been filed. *See*

---

[1] In his submission, Powell relies on the alleged statement by the sentencing court to his counsel, "I don't want to hear about not filing a direct appeal after sentencing," to show that counsel was aware he had to file an appeal, or that he "abused [his] oath and had disregard for this court." (cv Dkt. 12 at 3). The question, however, is not whether counsel was ineffective in failing to file an appeal, but whether Powell was diligent in his efforts to timely file his motion under § 2255. Even if it was reasonable for Powell to believe that the statement required his attorney to file an appeal, he still does not show due diligence to make his motion timely.

4

*United States v. Larry*, Case No. 4:07-cr-00079-SPM, 2010 WL 5651470, at *3 (N.D. Fla. Dec. 17, 2010) ("[T]he absence of any response from counsel . . . would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of the appeal."). And he further fails to allege that he contacted this court or the Eleventh Circuit Court of Appeals to ascertain the status of his appeal. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008) (affirming the district court's denial of the § 2255 motion as untimely, despite petitioner's claim of extended § 2255(f)(4) limitations period; "[t]hat an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information any time after the deadline for filing the appeal passed."). Accordingly, Powell has failed to demonstrate that he exercised due diligence in determining whether his counsel of record had filed the appeal as he allegedly requested. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) ("[Petitioner's] delay in seeking state habeas relief, along with his failure to set forth sufficient grounds that could excuse his delay, precludes a finding that he exercised due diligence.").

Having determined that Powell failed to exercise due diligence, the Court must speculate as to when he could have discovered, by exercising due diligence, that the notice of appeal had not been filed. *See Aron*, 291 F.3d at 711, n.1. As the Eleventh Circuit notes, "a reasonable person, particularly a prisoner, would require some amount of time after the appeal-filing deadline to realize that no appeal had been filed." *Dauphin v. United States*, 604 F. App'x 814, 818 (11th Cir. 2015). To help determine the date of which Powell should have discovered no notice of appeal had been filed, the Court directed him to provide an affidavit showing "when he first learned that counsel did not file a notice of appeal." (cv Dkt. 11 at 8). Powell's submission, however, failed to

5

answer this question and instead included the issues he would have raised on appeal had counsel followed his instruction and included arguments not previously raised in his original motion.[2] (cv Dkt. 12). He does not include any circumstances he faced during incarceration that prevented him from contacting the court to inquire about his appeal or that prevented him from timely filing his motion. Accordingly, had Powell exercised due diligence, he would have discovered before June 11, 2017 that no notice of appeal had been filed.[3] Consequently, § 2255(f)(4) does not apply, and the motion is untimely.[4]

## CERTIFICATE OF APPEALABILITY ("COA")

Powell is not entitled to a COA. The right to appeal from the denial of a habeas corpus petition is governed by 28 U.S.C. § 2253(c). Where, as here, a habeas petition is denied on procedural grounds and the merits of the underlying constitutional claim are not reached, Powell

---

[2] Powell's argument that he believed he had an additional 90 days to file his § 2255 motion is without merit. *See* (cv Dkt. 12 at 3). As stated above, a petitioner must file his motion to vacate within one year of when judgment becomes final. *See* § 2255(f)(1). Although exceptions exist to this rule that provide a defendant more time to file a habeas motion, they do so only if a defendant has pursued a direct appeal. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). Because Powell did not file a direct appeal, he does not gain the benefit of the 90-day extension. *See Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005). His convictions, therefore, became final 14 days after judgment was entered, on March 22, 2017. *See id.*; *Murphy*, 634 F.3d at 1307; Fed. R. App. P. 4(b)(1)(A)(i).

[3] *See Russaw v. United States*, Case No. 2:16-cv-8146-RDP, 2018 WL 2337301, at *4 (S.D. Ala. May 23, 2018) (finding that petitioner could have discovered the lack of an appeal within 75 days of final judgment); *Rubiano v. United States*, Case No. 6:16-cv-785-Orl-37DCI, 2017 WL 1653719, at * 3 (M.D. Fla. May 2, 2017) (within 78 days of when it was due); *Thomas v. United States*, Case No. 2:11-cv-8019-RDP, 2014 WL 4715861, at *7 (N.D. Ala. Sept. 22, 2014) (within 80 days); *United States v. Thomas*, Case No. 4:01-cr-69-SPM, 2007 WL 624538, at * 5 (N.D. Fla. Feb. 22, 2007) (within 62 days); *see also Moore v. United States*, 438 F. App'x 445, 447 (6th Cir. 2011) (finding a 75-day delay in discovering the lack of appeal unreasonable).

[4] Because Powell has failed to allege any non-conclusory facts, that if true, would entitle him to relief, an evidentiary hearing is not warranted. *See Aron*, 291 F.3d at 715 n.6; *see also Deeds v. United States*, Case No. 14-0572-CG-B, 2017 WL 3393085, at *2, n.2 (S.D. Ala. July 19, 2017), *report and recommendation adopted by* 2017 WL 3389791 (S.D. Ala. Aug. 7, 2017) (finding that no evidentiary hearing was required to resolve the § 2255 and further, that petitioner's argument that his counsel's failure to file an appeal should be considered in determining the timeliness of his § 2555 to be "futile" because he did "not assert let alone offer any evidence establishing delayed knowledge despite diligence on his part").

must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Gordon v. Sec'y, Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (per curiam) (citation omitted) (applying *Slack* to a petition dismissed as untimely). Powell cannot make the requisite showing. And because he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

## CONCLUSION

In sum, Powell has not demonstrated entitlement to a delayed start of the limitation period under any of § 2255(f)'s provisions, actual innocence, or equitable tolling. *See* (cv Dkt. 11). Accordingly, for the reasons stated above, as well as the Order finding his motion subject to dismissal as time-barred (id.), his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (cv Dkt. 1) is **DISMISSED as time-barred**. The Clerk is directed to enter judgment in favor of the United States and against Powell, and to close the case.

**DONE AND ORDERED** this 9th day of June, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record